IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 MAR -3 PM 3:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| TYSON FARMS, INC., | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV-01-H-2007-NE |
| MICKY YANCY, | ) | |
| DEFENDANT. | ) | |

ENTERED
MAR - 3 2003

## MEMORANDUM OF DECISION

Tyson Farms, Inc. is the sole plaintiff in a four-count complaint against a single defendant Micky Yancy. Count I seeks a declaration that Tyson Farms, Inc. has not breached a January 28, 1997 contract and an August 6, 1998 contract it had with Micky Yancy. Count II seeks a declaration that Tyson Farms, Inc. has not maliciously prosecuted Micky Yancy. Count III seeks a declaration that Tyson Farms, Inc. has not defamed Micky Yancy. Count IV seeks a declaration that Micky Yancy breached the January 28, 1997 and August 6, 1998 contracts he had with Tyson Farms, Inc.[1] Micky Yancy filed an answer which contains a counterclaim against Tyson Farms, Inc. for breach of the same January 28, 1997 and August 6, 1998 contracts.

---

[1] The complaint was amended to add a Count V in which Tyson Farms, Inc. seeks damages for alleged fraud and suppression by Micky Yancy and a Count VI seeking a declaration that Tyson Farms, Inc. has not breached obligations it owed to Yancy under the Packers and Stockyards Act.

46

The court has before it the November 8, 2002 motion of plaintiff for summary judgment in plaintiff's favor on the counterclaims of defendant and in plaintiff's favor under each of the six counts of the complaint. The court also has before it the November 8, 2002 motion of defendant for summary judgment in defendant's favor on all claims asserted by plaintiff in the complaint. Briefs have been submitted by plaintiff in connection with both motions on November 8, 2002 and December 10, 2002. Evidence has been submitted by plaintiff in connection with both motions on November 8, 2002 and December 3, 2002. Briefs have been submitted by defendant with regard to both motions on November 26, 2002 and December 10, 2002. Evidence has been submitted by defendant with regard to both motions on November 8, 2002 and December 3, 2002. Briefs have been submitted by defendant with regard to both motions on November 25, 2002 and December 10, 2002. Evidence has been submitted by defendant with regard to both motions on November 19, 2002. The court views all briefs and evidence, regardless of the filing party, as applicable to all issues raised in the two motions which are now under submission pursuant to the November 12, 2002 order.

**It is important to emphasize that there is but one plaintiff in this case, Tyson Farms, Inc. (a North Carolina corporation with its principal place of business in Arkansas), and one defendant, Micky Yancy, a resident of Alabama as alleged in the**

**complaint.² To further emphasize this the court expressly notes that Tyson Foods, Inc. and Tyson Foods of Alabama, Inc. are NOT parties to this action. And, it is also important to emphasize that it is undisputed that all contractual claims in this action relate only to either a contract dated January 28, 1997 between Tyson Foods of Alabama, Inc. and Micky Yancy or a contract dated August 6, 1998 between Tyson Foods of Alabama, Inc. and Micky Yancy doing business as Y & Y Farms.**

As noted earlier, Counts II and III of the complaint seek a declaration that Tyson Farms, Inc. has not maliciously prosecuted or defamed Micky Yancy. Micky Yancy expressly admits that Tyson Farms, Inc. has not maliciously prosecuted him or defamed him. There being no dispute on this material fact, plaintiff's motion for summary judgment under Counts II and III is due to be granted, and Tyson Farms, Inc. is entitled to the declaration sought therein which will be entered by separate order. The counterclaim and Counts I and IV of the complaint are predicated upon the same alleged contracts between Tyson Farms, Inc. and Micky Yancy. There is no evidence that any such contracts exist. It is undisputed that Tyson Farms, Inc. is not a party to the January 28, 1997 or the August 6, 1998 contracts, and there is no evidence that Tyson Farms, Inc. has any legally enforceable

---

[2] The court assumes Yancy is also a citizen of Alabama. The issue of the lack of diversity jurisdiction has not been raised.

rights or obligations thereunder.  There is no dispute as to any material fact, and plaintiff is entitled to judgment in its favor on defendant's counterclaim and defendant is entitled to a judgment in his favor under Count I and Count IV.  Count V of the complaint for fraud and suppression is directly dependent upon the existence of the contracts which are non-existent between the parties to this action.  Defendant is entitled to a judgment in its favor under Count V.  Count VI of the complaint seeks a declaration that Tyson Farms, Inc. has not breached the Packers and Stockyards Act, and Micky Yancy effectively admits that no such breach has occurred. Accordingly, Tyson Farms, Inc. is entitled to declaration to that effect.

    A separate final judgment will be entered.

    DONE this __3rd__ day of March, 2003.

                                           */s/ James H. Hancock*
                                    SENIOR UNITED STATES DISTRICT JUDGE